# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0027, <u>American Express Centurion Bank v. Maricris Arnoff</u>, the court on June 29, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). To the extent that the plaintiff contends that the defendant is improperly represented by a non-lawyer, <u>see</u> <u>Sup. Ct. R.</u> 33(2), we note that the defendant signed her brief. Because the defendant appealed within 30 days of the court's ruling on the plaintiff's timely filed motion to clarify, we reject the plaintiff's argument that the appeal is untimely. <u>See</u> <u>Asmussen v. Comm'r, N.H. Dep't of Safety</u>, 145 N.H. 578, 584-85 (2000); <u>Sup. Ct. R.</u> 7(1)(C). We affirm.

The defendant, Maricris Arnoff (debtor), appeals an order of the Superior Court (<u>Ignatius</u>, J.) in favor of the plaintiff, American Express Centurion Bank, on the debtor's motion to vacate a writ of execution. She contends that the trial court erred by not allowing her to "'stack' exemptions and add the value of the unused goods and services as defined in [RSA 511:2,] III, VI, VIII, IX, XVI, and XVII to the $1,000 wildcard exemption" in RSA 511:2, XVIII (2010).

The debtor, as the appealing party, has the burden on appeal to provide a record that is sufficient to decide the issues she is raising and to demonstrate that she raised those issues in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>Sup. Ct. R.</u> 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997).

In this case, the debtor has failed to provide a transcript of the hearing before the trial court. Accordingly, we assume that the evidence was sufficient to support the trial court's determination. <u>Bean</u>, 151 N.H. at 250. We review the trial court's order for errors of law only, <u>see</u> <u>Atwood</u>, 142 N.H. at 397, and find none.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**